IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAN SANCHEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO:_____ |
| | § | |
| HACIENDA RECORDS AND | § | |
| RECORDING STUDIO, INC., | § | |
| HACIENDA RECORDS, L.P., LATIN | § | |
| AMERICAN ENTERTAINMENT, LLC, | § | |
| ANNIE GARCIA, RICK GARCIA, | § | |
| ROLAND GARCIA, AND | § | |
| GILBERT GARCIA | § | |
| | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Adan Sanchez complains of Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, Annie Garcia, Rick Garcia, Roland Garcia, and Rick Garcia, Defendants, and for cause of action shows the following:

**I.
PARTIES**

1.  Plaintiff, ADAN SANCHEZ, is an individual residing in the Southern District of Texas.

2.  Defendant, HACIENDA RECORDS AND RECORDING STUDIO, INC. is a Texas corporation whose principal place of business is located at 4941 Oakmont, Corpus Christi, Nueces County, Texas 78413. Hacienda Records and Recording Studio, Inc., at all times material to this

action, has engaged in business in Texas as more particularly described below. Defendant Hacienda Records and Recording Studio, Inc., maintains a place of regular business in the Southern District of Texas and may be served with process by serving its registered agent, Roland Garcia, at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404.

3. Defendant, HACIENDA RECORDS, L.P., is a Texas corporation whose principal place of business is located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404. Hacienda Records, L.P., at all times material to this action, has engaged in business in Texas as more particularly described below. Defendant Hacienda Records, L.P., maintains a place of regular business in the Southern District of Texas and may be served with process by serving its registered agent, Gilbert A. Garcia, at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404.

4. Defendant, LATIN AMERICAN ENTERTAINMENT, LLC, is a Texas corporation whose principal place of business is located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404. Latin American Entertainment, LLC, at all times material to this action, has engaged in business in Texas as more particularly described below. Defendant Latin American Entertainment, LLC, maintains a place of regular business in the Southern District of Texas and may be served with process by serving its registered agent, Gilbert A. Garcia, at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404.

5. Defendant, ANNIE GARCIA, is an individual residing in the Southern District of Texas. She has engaged in the acts complained of in the Southern District of Texas. Annie Garcia may be served with summons at her place of business, located at 4941 Oakmont, Corpus Christi, Nueces County, Texas 78413, or such other places as she may be found.

6. Defendant, RICK GARCIA, is an individual residing in the Southern District of Texas. He has engaged in the acts complained of in the Southern District of Texas. Rick Garcia may be served with summons at his place of business, located at 7034 Wakeforest, Corpus Christi, Nueces County, Texas 78413, or such other places as he may be found.

7. Defendant, ROLAND GARCIA, is an individual residing in the Southern District of Texas. He has engaged in the acts complained of in the Southern District of Texas. Roland Garcia may be served with summons at his place of business, located at 4941 Oakmont, Corpus Christi, Nueces County, Texas 78413, or such other places as he may be found.

8. Defendant, GILBERT GARCIA, is an individual residing in the Southern District of Texas. He has engaged in the acts complained of in the Southern District of Texas. Gilbert Garcia may be served with summons at his place of business, located at 1236 South Staples, Corpus Christi, Nueces County, Texas 78404, or such other places as he may be found.

9. Whenever in this petition it is alleged that a certain Defendant did or failed to do any act or thing, it is meant that said Defendant performed or failed to perform, or that said Defendant was responsible for such act or thing, or that such action was performed by the partners, officers, agents, representatives or employees, in the normal and routine course and scope of their employment, authority or agency for said Defendant, and that such acts were pursuant to a common scheme, design and conspiracy by Defendants and others acting on their behalf with the full knowledge, authority and ratification of the Defendants to engage in the facts and perpetrate the omissions hereinafter alleged.

## II.
## JURISDICTION AND VENUE

10. Jurisdiction is proper because the action arises under the Copyright Act, Title 17 of the United States Code. 17 U.S.C. §101 et seq. This Court is vested with jurisdiction pursuant to Section 1338 of Title 28 of the United States Code. 28 U.S.C. §1338. This Court has inherent power to hear related causes of action arising under state law. 28 U.S.C. §1367(a).

11. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391, as Defendant currently conducts business within the State of Texas and within this District. Further, a substantial part of the events or omissions giving rise to the claimed causes of action occurred in this District, and Defendant is, thus, amendable to personal jurisdiction in this District at this time. 28 U.S.C. §1391.

## III.
## FACTS APPLICABLE TO ALL COUNTS

12. Plaintiff, Adan Sanchez, is a Tejano songwriter who authored and composed the musical composition titled La Prieta Casada (the "Work"). Defendants and parties with whom they have relationships exploited and/or benefitted from the Work in various recordings and other materials which Defendants have published and released over the years. The exploitation was done without obtaining a proper license. No accounting or payment has been made to Plaintiff for the profits derived from the copying, manufacturing and distribution of the Work. Nevertheless, Defendants knowingly proceed to exploit the Work and received revenue from numerous sources, while they fail and refuse to remit the same to Plaintiff.

# IV.
# CAUSES OF ACTION

## A. COPYRIGHT INFRINGEMENT

13. Plaintiff hereby adopts and realleges each and every paragraph of the Facts Applicable to All Counts as well as the allegations made in all other parts of this pleading.

14. Plaintiff wrote many musical compositions which are copyrightable under the laws of the United States. Further, Plaintiff has complied with the statutory registration and deposit requirements of the Federal Copyright Act of 1976 as the work at issue herein. Plaintiff is the owner of such copyrights for his musical compositions.

15. Upon information and belief, Defendants intentionally continued to use the musical compositions without obtaining the appropriate licenses from Plaintiff. Plaintiff never executed a written assignment of his copyright or ownership in the Works.

16. Upon information and belief, after the creation of the Works, and continuing to the present, Defendants have infringed and continue to infringe upon Plaintiff's common law and statutory copyrights. Plaintiff contests any and all SR, PA and VA copyrights of Plaintiff's Works, name, image and likenesses registered in Defendants' names, if any, and seeks a finding that Plaintiff is the said owner of said copyrights.

## B. DECLARATORY JUDGMENT

17. Plaintiff hereby adopts and realleges each and every paragraph of the Facts Applicable to All Counts as well as the allegations made in all other parts of this pleading.

18. Plaintiff requests that the Court declare that:

   a. Plaintiff is entitled to an accounting for all revenue and profits which Defendants have received from all sources which it has not remitted to Plaintiff;

   b. Defendants are not entitled to possess or exploit any of Plaintiff's Works or Plaintiff's name, images or likenesses; and

   c. Plaintiff is the owner of, and is entitled to possess and control, all rights in all sound recordings, VA's and PA's in the Works.

### C. MISAPPROPRIATION OF NAME, IMAGE AND LIKENESS

19. Plaintiffs hereby adopt and reallege each and every paragraph of the Facts Applicable to All Counts as well as the allegations made in all other parts of this pleading.

20. Defendants have exploited the name, images and likeness of Plaintiff without express written permission.

21. Plaintiff seeks all profits, damages and losses related to this unauthorized conduct

### V.
### ATTORNEYS' FEES

22. Plaintiff has retained counsel to represent her in this cause and has agreed to pay the firm reasonable and necessary attorneys' fees. Such an award would be equitable and is authorized by Section 39.009 of the Texas Civil Practice and Remedies Code as well as 17 U.S.C. §505.

### VI.
### DAMAGES AND REMEDIES

23. As a direct, producing and proximate cause the acts and omissions of Defendants, Plaintiff has suffered losses and damages as alleged above. Plaintiff seeks the destruction of all products and copies embodying the Work in addition to an award of fees, costs, profits of

Defendants, and the disgorgement of all revenue received by Defendants. Plaintiff seeks a recovery for any and all unauthorized use of her name, likeness and image.

24. In addition to the foregoing remedies, Plaintiff seeks an Order requiring Defendants to return to Plaintiff all of Plaintiff's Work and to refrain from representing to any persons that Defendants have any right or interest in such Work and that they are representing or acting on behalf of Plaintiff.

25. Plaintiff further requests that the Court declare the rights and obligations of the parties in respect of the Work.

26. Plaintiff seeks statutory damages for Defendants' copyright infringement as provided by 17 U.S.C. §504(c), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999."

27. Further, Plaintiff seeks an increase in statutory damages for Defendants' willful infringement, provided in 17 U.S.C. §504(c)(2), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999." Defendants have acted with conscious indifference and a total disregard for the rights of Plaintiff.

28. Plaintiff has sustained actual damages by reason of the breach of trust and other tortious acts of Defendants.

29. Plaintiff seeks a recovery of all court costs.

30. Plaintiff seeks a recovery of reasonable costs and attorneys' fees provided by 17 U.S.C. §505 and in connection with Plaintiff's request for declaratory relief.

## VII.
## DEMAND FOR A JURY TRIAL

31.     Plaintiff hereby demands a jury trial.

## VIII.
## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff has:

1.  Judgment against Defendants for all actual damages as alleged by Plaintiff;

2.  That Plaintiff recovers the amount of Defendants' profits attributable to the infringement or, in the alternative, for statutory damages as authorized by 17 U.S.C.A. §504(c), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999;"

3.  That Defendants pay Plaintiff additional damages for willfully infringing Plaintiff's copyright, as authorized by 17 U.S.C. §504(c)(2), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999;"

4.  A declaration that the Defendants have no rights in and to any of Plaintiff's Work, that Defendants must return same to Plaintiff and that Defendants have no right to exploit Plaintiff's name, images or likeness;

5.  Reasonable and necessary attorneys' fees with conditional sums for the service of Plaintiff's attorney in the event of subsequent appeals, which include the following:

    a.  Preparation and trial legal services;

    b.  Post-trial, pre-appeal legal services;

    c.  An appeal to the Fifth Circuit Court of Appeals; and

    d.  An appeal to the United States Supreme Court.

6.  Post-judgment discovery and collection in the even execution on the judgment is not necessary;

7.  Pre-judgment and post-judgment interest at the highest rate allowed by law;

8. Court costs; and

9. Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        SHOWALTER LAW FIRM

    By:   /s/ David W. Showalter
        David W. Showalter
        TBA# 18306500

    1117 FM 359, Suite 200
    Richmond, Texas 77406
    (281) 341-5577
    (281) 341-5572 (Facsimile)

    ATTORNEY FOR PLAINTIFF
    ADAN SANCHEZ