**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADAN SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-3855 |
| | § | |
| HACIENDA RECORDS AND | § | |
| RECORDING STUDIO, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Adan Sanchez sued Hacienda Records and Recording Studio, Inc., Hacienda Records, L.P., Latin American Entertainment, LLC, and various individual members of the Garcia family who own these entities (collectively, "Hacienda"). (Docket Entry No. 1). Sanchez alleged that Hacienda recorded and released *La Prieta Casada*, a song he wrote and to which he holds the copyright, without his permission. In an amended complaint, Sanchez added Leonardo Quiroz, doing business as Jedasa Publishing Co. ("Jedasa"), as a defendant. Quiroz was served on August 17, 2012. (Docket Entry No. 35). The amended complaint asserted breach of contract and fraud claims in addition to copyright infringement. (Docket Entry No. 16). Hacienda responded that it recorded and released versions of *La Prieta Casada* under license obtained from Johnny Herrera, then doing business as Jedasa before Quiroz assumed control of it. Hacienda asserted that Herrera, then operating as Jedasa, was the publisher and copyright holder of *La Prieta Casada*.

On November 6, 2012, Sanchez requested entry of default against Quiroz. (Docket Entry No. 45). At a hearing on March 5, 2013, the court explained that it would defer ruling on the pending request for entry of default against Quiroz. (Docket Entry No. 50). On March 11, 2013, Quiroz, without counsel, sent a one-page letter to the court that purports to serve as an answer. The

letter, written in Spanish, states that Quiroz lacks the financial resources to retain counsel. Quiroz states, on behalf of himself and Jedasa, that he is not responsible for any of the damages alleged in this suit. (Docket Entry No. 56, Ex. A).

On May 23, 2013, Sanchez filed a motion under Rules 8(b)–(c) and 12(e)–(f) of the Federal Rules of Civil Procedure to: (1) strike Quiroz's filing and order him to file an amended answer; (2) dismiss any counterclaims or affirmative defenses raised in the filing; or (3) order Quiroz to make a more definite statement as to his factual admissions and denials. (Docket Entry No. 56, at 1). Sanchez argued that Quiroz's letter to the court was inadequate because it "neither admits nor denies any of the specific and individual claims against [Jedasa] set forth in the First Amended Complaint" and does not "articulate [Jedasa's] defenses or provide Sanchez with fair notice of its position in this case." (*Id.* at 3).

Based on the pleadings, the motions, the arguments of counsel, and Quiroz's filings, the motion to strike, to dismiss, or to order a more definite statement is denied. The motion for default judgment is also denied. The reasons for these rulings are explained below.

**I.     The Motion to Strike, Dismiss, or for a More Definite Statement**

A motion to strike under Rule 12(f) "is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown v. Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–58 (5th Cir. 1982). "'[E]ven when technically appropriate and well-founded,' motions to strike are not [to] be granted 'in the absence of a showing of prejudice to the moving party.'" *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (first alteration in original) (quoting 5C CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1381 (3d ed. 2004)). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum*, 677 F.2d at 1057. Whether to grant or deny a motion to strike is in the trial court's discretion. *E.g.*, *Tarver v. Foret*, 1996 WL 3536, at *1 (E.D. La. Jan. 3, 1996).

Quiroz is pro se. Sanchez does not argue that Quiroz is a sophisticated party, that he has litigation experience, or that he can read, write, or understand English. Although Quiroz's letter is in some ways responsive to Sanchez's complaint, Sanchez argues that the letter cannot constitute an answer, that it should be struck, and that Quiroz should be defaulted if he does not submit an answer that complies with the Federal Rules of Civil Procedure. The court liberally construes Sanchez's letter "with all possible deference due a *pro se* litigant." *Ross v. Valdez*, 2013 WL 3242682, at *1 (N.D. Tex. June 27, 2013) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"As directed by Rule 8 [of the Federal Rules of Civil Procedure], the answer should contain only two things: (1) a response (admitting, denying, or claiming insufficient knowledge) to the averments in the complaint; and (2) a statement of all affirmative defenses." *Software Publishers Ass'n v. Scott & Scott, LLP*, 2007 WL 2325585, at *2 n.4 (N.D. Tex. Aug. 15, 2007) (citing FED. R. CIV. P. 8(b)–(c)). "A party that intends in good faith to deny all the allegations of a pleadings — including the jurisdictional grounds — may do so by a general denial." FED. R. CIV. P. 8(b)(3). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.*

Quiroz's statement that he is not liable for any of the damages alleged by Sanchez is in the nature of a general denial. *See, e.g.*, *Vincent v. City of Sulphur*, 2013 WL 1702143, at *2–3 (W.D.

3

La. Apr. 17, 2013) (finding that parts of an answer stating that "'Defendants deny that they are guilty of any civil rights violations or any denial of constitutional rights under the United States Constitution[ ]'" and "'Defendants . . . aver that there is no evidence to suggest in any way, that any improper actions or inactions were taken by them'" were general denials that "speak to plaintiff's ability to mount evidence in support of a prima facie case"). Quiroz's pro se status, his lack of familiarity with civil litigation, and his inability to speak English reinforce this conclusion.

"General denials are uncommon in federal court because 'situations in which the complaint can be completely controverted are quite rare.'" *Mary Kay, Inc. v. Dunlap*, 2012 WL 2358082, at *7 (N.D. Tex. June 21, 2012) (quoting 5 WRIGHT & MILLER, § 1265, at 549). Sanchez argues that the "vague response" that "Jedasa is not responsible for the damages to Sanchez . . . prejudices Sanchez's ability to proceed in this case." (Docket Entry No. 56, ¶ 10). "[I]t is unclear which if any of the specific averments Jedasa denies. . . . [or] whether Jedasa has or plans to raise any affirmative defenses or counterclaims in this case." (*Id.*, ¶ 11).

If Quiroz was not pro se and unable to speak English, striking the answer and ordering repleading might be appropriate. The same information can be provided, however, by allowing the letter to serve as an answer and general denial, and allowing Sanchez to depose Quiroz to obtain additional information. The latter course is preferable. In light of this ruling, Sanchez's requested alternative relief — to dismiss Quiroz's affirmative defenses and counterclaims, if any, or to compel Quiroz to provide a more definite statement — is premature. Sanchez's motion is denied without prejudice at this time.

**II.    The Motion for Default Judgment**

"'A party is not entitled to a default judgment as a matter of right, even where the defendant

is technically in default.'" *McCarty v. Zapata County*, 243 F. App'x 792, 794 (5th Cir. 2007) (per curiam) (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)).  Default judgment is a drastic remedy that should be granted only in extreme situations.  *Warren v. Johnson*, 244 F. App'x 570, 571 (5th Cir. 2007) (per curiam) (citing *Lewis*, 236 F.3d at 767).  Sanchez has not shown such an extreme situation.  The motion for default judgment is denied.

**III.    Conclusion**

The motion to strike, to dismiss, or to compel a more definite statement is denied, and the motion for default judgment is denied.

SIGNED on July 9, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge